# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>              Plaintiff,<br><br>v.<br><br>PAUL S. KEMPER, DEPUTY WARDEN JOHNSON, KEVIN CARR, UNIT MANAGER KRUEGER, UNIT MANAGER DIEBOLD, MICHELLE BONES, BRAD HOMPE, EMILY DAVIDSON, CINDY O'DONNELL, MS. BELLIS, and TRAVIS BRADY,<br><br>              Defendants. | Case No. 20-CV-716-JPS<br><br>**ORDER** |

      Plaintiff Terrance J. Shaw, an inmate confined at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the First Amendment were violated. Plaintiff has paid the full filing fee. This order screens Plaintiff's complaint and resolves his pending motions.

**1.    SCREENING THE COMPLAINT**

    **1.1    Federal Screening Standard**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff, a prisoner incarcerated at RCI, requires a wheelchair due to his health conditions. (Docket #1 at 1, 3). Plaintiff alleges that RCI is not

compliant with the ADA and the RA because RCI does not have enough wheelchair accessible cells. (*Id.* at 3–4). Specifically, Plaintiff states that RCI only has four wheelchair accessible disability cells in the general population and a few more in restricted housing. (*Id.* at 4). Further, Plaintiff alleges that many of the sinks and toilets in the restricted housing units are not wheelchair accessible. (*Id.* at 4).

Plaintiff submitted several inmate complaints in 2018 alleging that RCI is not compliant with the ADA and the RA because the institution does not have enough wheelchair accessible cells. (*Id.* at 3–16). Plaintiff alleges that Unit Manager Krueger ("Krueger") retaliated against him by transferring him off the general population Kenosha Unit, to a restricted unit, because of Plaintiff's First Amendment protected activity of filing those inmate complaints. (*Id.* at 5–7).

After he was transferred to the Jefferson Unit, Plaintiff filed inmate complaint RCI-2018-7634. (*Id.* at 11). Institution Complaint Examiner ("ICE") Michelle Bones ("Bones") dismissed that complaint. (*Id.*) According to Plaintiff, her dismissal stated: "There were several elements taken into consideration when deciding where an inmate is to be housed. The Institution must have the capability to manage its cells and inmates in the best interest of the institution and population as a whole . . . No violation of policy occurred with the movement of the complainant to the Jefferson Unit. There is no indication that it was for retaliation purposes." (*Id.*) Plaintiff appealed the dismissal, claiming that Bones and Paul S. Kemper ("Warden Kemper") had rigged the focus of his complaint and were co-conspirators in obstruction of justice. (*Id.*) The Corrections Complaint Examiner ("CCE") Brad Hompe ("Hompe") dismissed the appeal, stating "[t]he institution's decision reasonably and appropriately addressed the

issue raised by this inmate. On Appeal, the inmate presented no information to warrant a recommendation overturning that decision. Retaliation is not supported. It is recommended this Appeal be Dismissed." (*Id.* at 13). Cindy O'Donnell ("O'Donnell"), of the Office of the Secretary, accepted the CCE's recommendation and dismissed the appeal. (*Id.*)

In 2019, Plaintiff filed inmate complaint RCI-2019-7949 regarding the prison being in violation of the ADA/RA because it did not have enough handicap accessible cells. (*Id.* at 15). ICE Bones dismissed the complaint. (*Id.*) Plaintiff appealed and CCE Emily Davidson ("Davidson") recommended dismissal of the appeal. (*Id.* at 16). O'Donnell accepted the CCE's recommendation and dismissed the appeal. (*Id.*)

### 1.2 Analysis

#### 1.2.1 Personal Involvement of Certain Defendants

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under Section 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* As explained below, most of the Defendants do not have any personal liability related to Plaintiff's claims.

Plaintiff will not be allowed to proceed against Ms. Bellis ("Bellis"),[1] Travis Brady ("Brady"),[2] and Unit Manager Diebold ("Diebold")[3] because Plaintiff has not alleged any facts that would attach personal liability to them. Individual liability under Section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 823, 833 (7th Cir. 2010)).

Next, Plaintiff may not proceed on claims against Defendants Bones, Hompe, Davidson, and O'Donnell (collectively, the "Administrative Defendants"), whose only involvement was in the administrative inmate complaint process. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). None of the Administrative Defendants ignored Plaintiff, and instead investigated his claims and acted accordingly. Plaintiff's mere disagreement with their decisions does not a constitutional violation make.

---

[1] Although Bellis, RCI's ADA coordinator, is listed as a Defendant, the complaint contains no allegations against her. (Docket #1 at 3).

[2] Brady's only mention in the complaint comes from a Health Services Unit progress note that Plaintiff had filed as an addendum to an inmate complaint. Specifically, "[d]iscussed with T. Brady – depends on availability. Green (Segregation) is the only one available – will need to remain there for time being." (Docket #1 at 13).

[3] Diebold is mentioned twice in the complaint. First, Plaintiff states that he sent her and Krueger a letter regarding his cell placement complaints. (Docket #1 at 3). Second, Plaintiff filed an inmate complaint alleging that Krueger and Diebold were violating the ADA and RA by not providing Plaintiff with a cell that accommodated him. However, Plaintiff provides no details regarding Diebold's involvement or actions. (*Id.* at 10).

Lastly, Warden Kemper and Deputy Warden Johnson cannot be liable for the actions of other prison officials simply because they are the warden and deputy warden, respectively. Rather, each is responsible only for his own conduct. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye"). Plaintiff has not alleged facts that would attach personal liability to Warden Kemper and Deputy Warden Johnson. Thus, Plaintiff will not be able to proceed on claims against them.

### 1.2.2 Americans with Disabilities Act & Rehabilitation Act

Title II of the Americans with Disabilities Act "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability' on account of that disability" and applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 206 (1998) (quoting 42 U.S.C. § 12132). To establish an ADA claim, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12132).

The analysis under the Rehabilitation Act, 29 U.S.C. § 794, is essentially the same, except that the RA includes an additional element requiring that the entity denying access receive federal funds. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (ADA and RA standards are "functionally identical"). The relief available to Plaintiff under the ADA and RA are coextensive. *Jaros*, 684 F.3d at 671. As Plaintiff can have only one recovery,

the Court will proceed with the analysis under the RA, and not the ADA which includes issues of sovereign immunity. *Id.* at 671–72. To state a claim under the RA, a plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) [the defendant] denied him access to a program or activity because of his disability." *Wagoner*, 778 F.3d at 592 (quoting *Jaros*, 684 F.3d at 672).

Plaintiff alleges that he was placed in a restricted housing unit because he needed a wheelchair accessible cell due to his disability. At the screening stage, the Court will assume that Plaintiff is a qualified person, that he has a disability because he requires a wheelchair, and that his placement in a restricted housing unit kept him from services, programs, and activities available to inmates in the general population. *See Andrews v. Rauner*, No. 3:18-CV-1101, 2018 WL 3748401, at *5 (C.D. Ill. Aug. 6, 2018) (placing an inmate in solitary confinement because of her mental disability stated ADA and RA claims); *Corbin v. Indiana*, No. 3:16-CV-602-PPS/MGG, 2018 WL 1920711, at *4 (N.D. Ind. Apr. 23, 2018) (for purpose of ADA and RA claims, it was plausible to infer that the plaintiff was placed in segregated housing because of a disability). Thus, the Court will grant Plaintiff leave to proceed on an RA claim. That claim is properly brought against Kevin Carr, the current Department of Corrections ("DOC") Secretary, in his official capacity. *See* 42 U.S.C. § 12131(1)(B); *Jaros*, 684 F.3d at 670 n.2 (noting that because individual capacity claims are not available, the proper defendant is the agency or its director in his official capacity).

### 1.2.3 Retaliation

To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in

the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "A prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). Additionally, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)).

The filing of a complaint, grievance, or lawsuit by a prisoner is activity protected under the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Plaintiff alleges that he was transferred from the general population cell he was in, to a restricted cell, because of his First Amendment protected activity of filing inmate complaints regarding RCI's ADA and RA compliance. This suffices to allow Plaintiff to proceed against Unit Manager Krueger on a claim for retaliation, in violation of the First Amendment, for Plaintiff's use of the prison grievance system.

## 2. MISCELLANEOUS MOTIONS

Plaintiff's motion for default judgment, (Docket #6), and motion directing Defendants to reply, (Docket #4), must be denied. As the Court had not yet screened Plaintiff's complaint, Defendants did not have any obligation to respond and default judgment would be improper. Additionally, Plaintiff's motion to withdraw magistrate judge consent, (Docket #8), will be denied without prejudice. Defendants have yet to be served in this case, and therefore, this case remains before the assigned district judge.

### 3. CONCLUSION

In sum, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** A Rehabilitation Act claim against Kevin Carr, the current DOC Secretary, in his official capacity; and

**Claim Two:** Retaliation, in violation of the First Amendment, by Defendant Unit Manager Krueger when he reassigned Plaintiff to a different cell in March 2018.

Further, the Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion directing Defendants to reply (Docket #4) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw magistrate judge consent (Docket #8) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Paul S. Kemper, Deputy Warden Johnson, Unit Manager Diebold, Michelle Bones, Brad Hompe, Emily Davidson, Cindy O'Donnell, Ms. Bellis, and Travis Brady be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Kevin Carr and Unit Manager Krueger;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[4] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[4]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge